IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MORISEE LOVE WILLIAMS, JH-9759,<br>    Petitioner, | )<br>)<br>) |
| v. | ) 2:11-cv-713<br>) |
| DEBRA K. SAUERS, et al.,<br>    Respondents. | )<br>)<br>) |

REPORT and RECOMMENDATION

I. Recommendation:

It is respectfully recommended that the petition for a writ of habeas corpus submitted by Morisee Love Williams be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II. Report:

Morisee Love Williams an inmate at the State Correctional Institution – Forest has presented a petition for a writ of habeas corpus. Williams is presently serving a three and a half to seven year sentence imposed, upon his plea of guilty, to controlled substance and firearms violations at Nos. 200817542, 200903002, 200902673 in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed on December 3, 2009.[1] No appeal was pursued, however, under Pennsylvania law he only had until January 2, 2010 to file an appeal.[2] Thus, his eligibility to seek federal relief would have expired on January 2, 2011. 28 U.S.C. §2244(d)(1) and the instant petition would be time barred since it was not received until May 31, 2011.

As a result of the petitioner's belief that his sentence had been miscalculated, on or about December 30, 2010, he filed a petition requesting that his sentence be credited with 300 days of time served.[3] By letter dated February 10, 2011, the petitioner was notified that he had received credit for a total of 362 days of time served at sentencing.[4] He now argues that the Department of

---

[1] See: Petitioner's Memorandum of Law at ¶1.
[2] See: Petition at ¶10 and Exhibit 1 to the answer of the Commonwealth and Pa.R.App.P.903(a).
[3] See: Petitioner's memorandum at ¶3.
[4] Id. at ¶3 and copy of letter from the Court of Common Pleas which is appended to the petition.

1

Corrections has refused to correct his minimum and maximum release dates.[5] As noted above, on March 26, 2010, he filed a petition in the Court of Common Pleas seeking to have his sentence corrected. On July 19, 2011 counsel was appointed to represent him on this matter and it is presently pending before the Court of Common Pleas.[6] He now comes to this Court for relief.

It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

---

[5] Id. at ¶5.
[6] See: Exhibit 1 to the answer.

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.
> We must thus decide whether the state supreme court's "adjudication of the claim ... resulted in a decision that was *contrary to*, or involved *an unreasonable application* of, clearly established Federal law, as determined by the Supreme Court of the United States...
>
> A state court adjudication is "contrary to" Supreme Court precedent if it results from the application of "a rule that contradicts the governing law set forth" by the Supreme Court or is inconsistent with Supreme Court decision in a case involving "materially indistinguishable" facts ... "A state court decision fails the 'unreasonable application' prong only 'if the court identifies the correct governing rule from the Supreme Court's cases but unreasonably applies it to the facts of the particular case or if the state court either unreasonably extends a legal principle from the Supreme court's precedent to a new context where it should not apply or unreasonably refuses to extend the principle to a new context where it should apply...(citations omitted).

That is, the state court determination must be objectively unreasonable. <u>Renico v. Lett</u>, 130 S.Ct. 1855 (2010).

It is clear from the submissions here that the petitioner presently has the matter raised in the Court of Common Pleas where in the due course of time it will be decided. While, it would appear that from the face of the documents submitted with the petition that Williams did in fact receive credit on the two one to two year sentences in that the effective date was established as December 7, 2008, the concurrent three and a half to seven year sentence still reflects an effective date of October 2, 2009, a minimum expiration date of April 2, 2013 and a maximum expiration date of October 2, 2016, thus in effect depriving him of the credit for his incarceration prior to sentencing. However, this matter is not properly before this Court at the present time, in that it is pending in the Court of Common Pleas where the Commonwealth represents it is being

treated as a timely filed post-conviction petition.[7] For this reason, if he is unsuccessful Williams will have the right to pursue the matter in the appellate courts of Pennsylvania, and then return to this Court if he so desires.

Thus, because the instant petition is premature, it is recommended that the petition of Morisee Love Williams for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date. Failure to do so will waive the right to appeal.

Respectfully submitted,<br>
s/ Robert C. Mitchell<br>
United States Magistrate Judge

---

[7] See: Answer at p.6, ¶2.